[Civ. No. 11117. First Appellate District, Division Two.—March 26, 1940.]

PINE GROVE CONSOLIDATED MINES, INC. (a Corporation), Appellant, v. W. H. METSON et al., Respondents.

Charles Baer, C. C. Sullivan and Hy Schwartz for Appellant.

Francis W. Murphy and P. H. McCarthy, Jr., for Respondents.

NOURSE, P. J.—Plaintiff sued to recover damages by way of money expended and for profits which might have accrued if defendants had permitted plaintiff to carry on mining operations under a written option repudiated by defendants. Plaintiff had judgment for $1250, but has brought this appeal seeking a larger award.

It is plaintiff's theory that the written option was executed in bad faith in that the defendants, knowing they did not have the power or authority, executed the option purporting to act as president and assistant secretary of the Pine Grove Gold Mining Company; and that, before the plaintiff discovered the misrepresentations and learned that the option was invalid, it had made expenditures preparatory to the prosecution of mining operations on the property and suffered the loss of anticipated profits from which they were deprived

by defendants' repudiation. The trial court found for plaintiff on the issue of bad faith and also found that plaintiff was at all times ready and able to exercise the option.

On this appeal the first issue raised by appellant is that the trial court erred in refusing recovery of anticipated profits on the ground that appellant had failed to prove the issue. It would serve no purpose to recite the testimony of the various witnesses. Appellant depended upon that of experts who gave their estimates of the quantity and value of the ore in place and on the dumps, the estimated costs of mining and handling the ore, and the possible return or profits. The respondents disputed these estimates and attacked the experience and training of those called by appellant as expert witnesses. The trial court was left with nothing in the way of direct evidence, while the opinions and conjectures of the appellant's witnesses were far from convincing. We are unable to find any evidence in the record which we can point to as proving any of the items above referred to, and the appellant does not cite any such evidence for us. The issue was raised by the allegation in the complaint that, by reason of the acts of the defendants, the plaintiff had been deprived ''of divers great gains and profits which otherwise would have accrued to it''. This allegation the trial court found to be untrue, and if the finding is sound there is an end to the argument. The position which the appellant assumes is that the trial court should have believed the testimony of the witnesses called by the appellant, and should have accepted that as conclusive proof. But here there is the added difficulty that the burden of proof of the issue was on the appellant and that, since it depended entirely upon expert testimony to prove an issue that was not entirely within the knowledge of an expert, the trial court was first confronted with a determination of the qualifications of the witnesses and then with the determination of whether, from all the circumstances of the trial, their testimony was worthy of belief. If a party relies upon expert testimony alone to prove a fact which is not exclusively within the knowledge of experts, the trial court must not be held bound to accept such expert testimony and reject matters of common knowledge, presumptions, and inferences, any of which would support a finding contrary to the expert testimony. Upon an examination of the record here, and after reading the testimony of appellant's witnesses, we are satisfied that the trial

court did not err if it treated this expert testimony as mere guesswork of poorly qualified witnesses. We must assume in support of the judgment that the trial court did so reject it to the extent of holding that it was not sufficiently reliable to be accepted as substantial proof of the issue.

Appellant also attacks the judgment in so far as it limits the amount recoverable to $1250. This is another instance of failure of proof on the part of one upon whom the burden rested. The option which is the basis of the dispute was granted to Hy Schwartz, an attorney at law. He assigned to the appellant herein. His testimony alone is cited to prove the damages. He testified to the payment of $500 to Mr. Metson for the option, $250 for incorporation of appellant, and minor items of $135 and $67. He then testified that the corporation was liable to him for $1750—$250 for expenses and $1500 for advice. It was not shown that either of these sums was paid or contracted for. If the witness rested on the reasonable value of his legal services the trial court was, of course, not bound by his estimate. We find no error here, and appellant has not been diligent in an effort to point to error.

The request that we make new findings and increase the judgment is left with the observation that the evidence is not such as would support the findings that appellant requests, assuming that we might have the power to make them.

Respondents' demand that we reverse the entire judgment without their having taken an appeal is passed with the observation that they have shown no ground for a reversal. Their argument on this phase of the case is directed to the question of their right to be heard in the absence of an appeal, but this question becomes merely an academic one which does not call for decision at this time.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 25, 1940. Carter, J.; and Peters, J., *pro tem.*, voted for a hearing.